**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University,<br><br>Plaintiff,<br><br>v.<br><br>Miguel Cardona, et al.,<br><br>Defendants. | No. CV-21-00566-PHX-DLR<br><br>**ORDER** |

Before the Court is the Department of Education's (the "Department") motion to dismiss (Doc. 32) Grand Canyon University's ("GCU") complaint (Doc. 1) under Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed. (Docs. 36, 39.) For the following reasons, the Department's motion to dismiss is granted.

**I. Background**

The Higher Education Act ("HEA") classifies institutions of higher education ("IHE") into three categories. The first category encompasses "public or other nonprofit[1]

---

[1] The HEA defines a nonprofit institution as an institution that—

> (1)(i) Is owned and operated by one or more nonprofit corporations or associations, no part of the net earnings of which benefits any private shareholder or individual;
>
> (ii) Is legally authorized to operate as a nonprofit organization by each State in which it is physically located; and
>
> (iii) Is determined by the U.S. Internal Revenue Service to be an organization to which contributions are tax-deductible in

institution[s]" as defined in § 101 of the HEA; the second includes "proprietary institution[s]" defined in § 102(b);[2] the third covers "postsecondary vocational institution[s]" defined in § 102(c). 20 U.S.C. §§ 1001(a)(4), 1002(b), 1002(c).

In 2018, GCU applied to the Department, seeking to change its status from a § 102(b) proprietary institution to a § 101 nonprofit institution for purposes of its participation in grant programs under Title IV.  The Internal Revenue Service ("IRS") had previously recognized GCU as a 26 U.S.C. § 501(c)(3) organization.  (Doc. 1-5.)  The Department denied GCU's application and refused to change GCU's status to that of a § 102(b) IHE.  (Doc. 23-1.)  Without taking a position on GCU's classification as a § 501(c)(3) organization with the IRS, the Department concluded that GCU did not meet the requirement that its operations were "not substantially for the benefit of any other person or entity" so as to qualify as a § 101 nonprofit institution. (Doc. 23-1 at 15.)  In particular, the Department pointed to a services agreement, which it noted would funnel a substantial portion of GCU's net earnings to the for-profit seller and underscored the significant overlap of the management of the for-profit seller and non-profit buyer.  This decision of the Department is not at issue here, although GCU has challenged it in a separate lawsuit pending before Judge Bolton.[3]

In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 (2020) (the "CARES Act"), which, *inter alia*, appropriated over $14.2 billion to the Department to establish the Higher Education Emergency Relief Fund ("HEERF I").  HEERF I's funds were allocated to IHEs "to prevent, prepare for, and respond to coronavirus." *See* CARES Act § 18004. The CARES Act did not distinguish between the HEA's three IHE categories in allocating HEERF I

---

accordance with section 501(c)(3) of the Internal Revenue Code (26 U.S.C. 501(c)(3))

34 C.F.R. § 600.2.

[2] Section 102(b) of the HEA defines a proprietary IHE as one that, *inter alia*, does not meet the requirements of paragraph (4) of section 101(a)—i.e., it is not a public or other nonprofit institution.

[3] *See Grand Canyon Univ. v. Rosenfelt*, No. 2:21-cv-177-SRB.

funds. GCU applied for and received HEERF I funds.

In December 2020, Congress enacted the Coronavirus Response and Relief Supplemental Appropriations Act, 2021, Pub. L. No. 116-260 (2020) ("CRRSAA"), which appropriated $21.2 billion to a second Higher Education Emergency Relief Fund ("HEERF II"). However, departing from the CARES Act's approach, Congress earmarked 89% of HEERF II to § 101 and § 102(c) IHEs and only 3% to § 102(b) IHEs. *See* CRRSAA § 314. In March 2021, Congress passed the American Rescue Plan Act of 2021, Pub. L. 117-2 ("ARPA"), which appropriated $39.5 billion to a third Higher Education Emergency Relief Fund ("HEERF III"). ARPA maintained the distinction between §§ 102(b), 101 and 102(c) IHEs, earmarking 91% of HEERF III funds to §§ 101 and 102(c) IHEs and only 1% to § 102(b) IHEs. *See* ARPA § 2003. GCU applied for HEERF II and III funding, but the Department's allocation tables noted that GCU would only be allocated funds available to § 102(b) IHEs.

GCU disputed its limited access to HEERF II and III funds and ultimately filed this lawsuit on April 1, 2021. (Doc. 1.) After GCU sought and was denied a temporary restraining order and preliminary injunction (Docs. 3, 29), the Department moved to dismiss the complaint, arguing that GCU fails to state a claim (Doc. 32).

**II.  Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a

claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

**III. Discussion**

The parties agree that GCU does not qualify as a nonprofit institution under § 101 of the HEA. This should end the inquiry, the Department argues, because this classification determines GCU's eligibility for HEERF II and HEERF III funds. And the plain language of the authorizing statutes, CRRSAA and ARPA, bears this out. Congress made the majority of HEERF funds available to "each institution of higher education as defined in section 101 or section 102(c)" and a smaller portion available to "institutions of higher education as defined in section 102(b) of the HEA." CRRSAA § 314; *accord* ARPA § 2003. Thus, an institution's HEA status controls.

GCU disputes that its HEA status controls its eligibility for HEERF II and HEERF III funds. First, it argues that, because HEERF II and III are emergency grants, the Department's regulation for direct grant programs, 34 C.F.R. § 75, governs fund eligibility. That regulation states that an applicant, under some programs, may prove it meets the general definition of a nonprofit solely by submitting proof that it is recognized by the IRS as a § 501(c)(3) organization, a condition that GCU meets. Thus, even though the Department does not recognize GCU as a nonprofit under HEA § 101 in the Title IV context, GCU contends that it nevertheless constitutes a § 101 IHE for emergency grant purposes and therefore qualifies for greater HEERF II and III relief.

But § 75 applies only insofar as it is consistent with the relevant authorizing statute. *See* 34 C.F.R. § 75.1(b). The authorizing statutes for the HEERF II and III funds are CRRSAA and ARPA, respectively. And, as noted above, those statutes condition eligibility not on an organization's non-profit status under the direct grant programs, generally, but instead on its HEA status, specifically. *See Roberto v. Dep't of the Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006) (citation omitted) ("If the regulatory language is clear and unambiguous, the inquiry ends with the plain meaning."). The language of § 75, which does not purport to determine a school's HEA status, is inapplicable here, and thus GCU's § 501(c)(3) status with the IRS does not automatically determine eligibility for HEERF II

and III funds.

Second, GCU argues that the Department's prior decision regarding GCU's HEA status is not determinative because the Department did not take a position with respect to GCU's non-profit § 501(c)(3) status with the IRS and because its HEA determination was for purposes of GCU's participation in the Title IV programs specifically. This argument is unpersuasive. It is of no moment that the Department did not take a position with respect to GCU's § 501(c)(3) status with the IRS because, as discussed above, this status is not the sole factor considered in determining eligibility for HEERF II and III funds. Moreover, the Department specifically stated in its denial that GCU "does not satisfy the Department's definition of a nonprofit." (Doc. 23-1 at 16.) Although the Department determined GCU's proprietary HEA status in the context of Title IV benefits, GCU has provided no authority indicating that an institution's HEA status varies across HEA benefits and programs.

## IV.  Conclusion

It is undisputed that GCU does not qualify as a nonprofit institution under § 101 of the HEA. Based on a plain reading of the authorizing statutes, it is an organization's HEA status that determines eligibility for HEERF II and III funds. GCU's argument that its non-profit § 501(c)(3) status with the IRS determines its eligibility for HEERF II and III funds thus fails as a matter of law and dismissal is appropriate.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly and terminate this case.

Dated this 18th day of November, 2021.

Douglas L. Rayes
United States District Judge