**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GRAND CANYON UNIVERSITY,

Plaintiff-Appellant,

v.

MIGUEL A. CARDONA, in his official capacity as Secretary of the United States Department of Education; U.S. DEPARTMENT OF EDUCATION,

Defendants-Appellees.

No.    21-17113

D.C. No. 2:21-cv-00566-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted December 5, 2022[**]
Phoenix, Arizona

Before:  WARDLAW and BUMATAY, Circuit Judges, and SCHREIER,[***] District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Grand Canyon University (GCU) appeals the dismissal of its complaint against the Department of Education (the "Department"), which sought to obtain COVID-19 emergency relief funds established for nonprofit institutions of higher education (IHEs). We review de novo the grant of a motion to dismiss. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). Dismissal is proper "if the complaint fails to plead enough facts to state a claim to relief that is plausible on its face." *Koessler v. CVS Health Corp.*, 977 F.3d 803, 807 (9th Cir. 2020) (simplified). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

GCU is a private, Christian university located in Phoenix. In 2004, after 55 years as a nonprofit institution, GCU's Board of Trustees approved its sale to a for-profit corporation to raise money to keep the University operating. The Department now classifies GCU as a for-profit "proprietary institution of higher education" under § 102(b) of the Higher Education Act (HEA), *see* 20 U.S.C. § 1002(b), as opposed to a § 101 "nonprofit" IHE, *see* 20 U.S.C. § 1001(a)(4). Through the Higher Education Emergency Relief Funds (HEERF) II and III, Congress allocated the vast majority of relief funds for "institutions of higher education as defined in [HEA] section 101" and a smaller amount to "institutions of higher education as defined in section 102(b) of the HEA." *See* Coronavirus Response and Relief Appropriations Act (CRRSAA), Pub. L. No. 116-260, § 314(a)(1), (a)(4), 134 Stat. 1909, 1932–33 (2020); *accord* American Rescue Plan Act (ARPA), Pub. L. No.

2

117-2, § 2003(1), (4), 135 Stat. 4, 23–24 (2021).[1]

GCU argues that it qualifies for § 101 nonprofit relief funds under HEERF II and III.  The university relies heavily on the fact that, in 2018, it was purchased by a company that the Internal Revenue Service (IRS) recognized as a 501(c)(3) nonprofit.  But HEA § 101 nonprofit status requires more than the IRS's recognition of 501(c)(3) status under 26 U.S.C. § 501(c)(3).  *See* 34 C.F.R. § 600.2 (defining a HEA § 101 nonprofit); *see also* HEA § 103(13), 20 U.S.C. § 1003(13) (same).  In 2019, and again in 2021, the Department determined that GCU failed to satisfy the definition of a "nonprofit" IHE under the HEA.  That determination is not challenged in this action.[2]  Because GCU is not a recognized HEA § 101 nonprofit, it is not entitled to funds reserved for such IHEs under HEERF II and III.

Despite the Department's rejection of GCU's § 101 nonprofit status, GCU contends that it is still entitled to nonprofit HEERF relief funds under Department regulations.  GCU specifically relies on a Department regulation that allows an applicant to prove it is a "nonprofit organization" for "some programs" based on 501(c)(3) status.  *See* 34 C.F.R. § 75.51(b)(1).  But these regulations apply only "to

---

[1] Congress also allocated funds to IHEs under HEA § 102(c)—a classification not relevant here.  CRRSAA § 314(a)(1); ARPA § 2003.

[2] GCU challenged that determination in a separate lawsuit against the Department and lost.  *See Grand Canyon Univ. v. Rosenfelt*, No. 2:21-cv-177 (D. Ariz.).  The district court granted the Department's Cross-Motion for Summary Judgment on December 1, 2022.

the extent [they are] consistent with the authorizing statute." *Id.* § 75.1(b).  Here,

the authorizing statutes expressly allocate the nonprofit funds to "institution[s] of

higher education as defined in [HEA] section 101."  *See* CRRSAA § 314(a)(1);

*accord* ARPA § 2003.   Consequently, we agree with the district court that

Department regulations, which do not purport to determine a school's HEA status,

are inapplicable here.

      **AFFIRMED.**